UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

DAVID SCIORTINO and CAROL
SCIORTINO,

           Debtors.

_____/

Case No. 12-08252
Hon. Scott W. Dales
Chapter 13

MEMORANDUM OF DECISION & ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                     Chief United States Bankruptcy Judge

Wells Fargo Bank, N.A. ("Wells Fargo") filed its Notice of Claim Satisfaction (the

"Wells Fargo Notice," ECF No. 35) in this court on November 29, 2016.  The Wells Fargo

Notice states that, as to Claim 1-1 filed on September 19, 2012 in this chapter 13 case, the

"claim has been satisfied and the Debtor(s) have no further liability as to this claim."  Wells

Fargo also requests that "no further disbursements be made on this claim by the Chapter

13 Trustee."  Treating the Wells Fargo Notice as equivalent to a withdrawal of claim, the

Clerk issued the usual Notice of Withdrawal of Proof of Claim and Deadline to Object to

Proposed Withdrawal (the "Clerk's Notice," ECF No. 36).

In response to the Clerk's Notice, the Debtors, acting without counsel, filed a

written objection to the Wells Fargo Notice, evidently to ensure that the claim of Wells

Fargo would be discharged at the conclusion of their chapter 13 case.  *See* Letter from

David and Carol Sciortino dated December 15, 2016 (the "Objection," ECF No. 39).

The court held a hearing on January 24, 2017 to consider the Wells Fargo Notice

and the Objection.  At the court's request, and pursuant to her duty to "assist" the Debtors

under § 1302(b)(4), the chapter 13 trustee, through counsel, appeared at the hearing,

explained why the Debtors filed their Objection, and concurred in the Objection. Although the court sees nothing objectionable in the Wells Fargo Notice, it took the matter under advisement to consider the best way to respond to the controversy. Having reviewed the Wells Fargo Notice and the Clerk's Notice, the court concludes that the controversy is the product of confusing nomenclature and a gap in the rules and forms.

The confusion began when Wells Fargo selected the wrong "event code" while self-docketing the Wells Fargo Notice using the court's CM/ECF electronic filing system. Although the text of the bank's document clearly states that the claim has been "satisfied," the bank's filing agent did not docket the notice under the event code for claims that have been "satisfied," instead characterizing the Wells Fargo Notice on the electronic docket as a "Withdrawal of Claim." This docket entry, which implicates Fed. R. Bankr. P. 3006, prompted the court to issue the Clerk's Notice, advising interested parties of their right to object to the supposed withdrawal of the Wells Fargo claim, and likely compounding the confusion.

In some settings, a creditor's withdrawal of a claim could affect jury trial rights, or the rights of other parties. For example, in the chapter 11 balloting process the withdrawal of a claim can affect plan acceptance and the necessary confirmation-related calculations. Similarly, the withdrawal of a claim when a claim objection is pending can pull the rug out from under the opposing litigants and the court. *See* Fed. R. Civ. P. 3006, Advisory Committee Note (1983). In the present case, however, there is no claim objection pending, and it is unclear how the withdrawal of an unsecured claim would adversely affect the Debtors' chapter 13 plan. There is no balloting in chapter 13, in contrast to chapter 11, and in this case, the plan was confirmed more than four years ago.

With respect to any future chapter 13 discharge, § 1328 discharges claims that are provided for by the plan, whether filed or not, subject to specified exceptions not implicated here.  And, of course, it bears noting, that Wells Fargo has made a judicial admission that its claim has been "satisfied" and that the Debtors are no longer liable.  They almost certainly can take this statement to the bank, even before the entry of any discharge.  Under the circumstances, no jury trial rights are implicated.  Wells Fargo has not withdrawn its claim, despite the inaccurate reference to the Wells Fargo Notice in the docket.

It is conceivable that the chapter 13 trustee may worry about having paid a claim that appears to have been withdrawn of record, but the language of the Wells Fargo Notice, and today's Order, should allay any such concerns.

For the sake of the record, and in light of the confusion, the court is entering this Order to clarify that Wells Fargo has not withdrawn its claim, that the chapter 13 trustee is relieved of any obligation to make further payments to Wells Fargo on account of the claim referred to in the Wells Fargo Notice, and the Debtors have no further liability to Wells Fargo on account of that claim.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. The Objection is OVERRULED;

2. Wells Fargo has not withdrawn Claim No. 1-1 filed on September 19, 2012;

3. The chapter 13 trustee is relieved of any obligation to make further payments to Wells Fargo on account of Claim No. 1-1 and all other parties in interest (including the Debtors and Wells Fargo) shall also treat the claim as paid in full and fully satisfied; and

4. The Clerk shall make a corrective entry in the docket of the above referenced case to reflect the Wells Fargo Notice as a "Notice of Satisfaction of Claim" or some substantially similar description consistent with the policies of the Clerk governing correction of errors in electronic docketing.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum & Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Kurt Steinke, Esq., Barbara P. Foley, Esq., David Sciortino, Carol Sciortino, James E. Boardman, Esq., Wells Fargo Bank, N.A., the United States Trustee, and all parties requesting notice of this proceeding.

END OF ORDER

**IT IS SO ORDERED.**

**Dated January 27, 2017**



Scott W. Dales
United States Bankruptcy Judge